**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                  **Case No.: 3:22-cr-00016**
                                                                         **Hon. Robert C. Chambers**

**LAURA DANIELLE  JACKSON**
             **Defendant.**

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Laura Danielle Jackson (Thompson), by counsel, Abraham J. Saad, presents

the following Sentencing Memorandum:

### I.        INTRODUCTION AND BRIEF BACKGROUND

This is the curious case of Laura Danielle Jackson. It is clear by the facts set forth in the

Indictment, Discovery, and Presentence Investigation Report ("PSR") that Ms. Jackson committed

multiple acts of financial fraud. There is no hiding from the actions that brought Ms. Jackson to

this point. She spiraled out of control – which ultimately was not a great deal of money – but rather

the persistence of the crime, which made this situation more serious.

Defendant Jackson has accepted responsibility for her actions in this matter. Much of the

alleged facts and procedural history of this case can be found within the PSR. She entered into a

timely plea agreement with the United States for her part in the crime. On September 22, 2022,

she appeared in person with her counsel before this Honorable Court and pled guilty to Counts

Two, Three, and Four of the 14-count Indictment. Counts Two and Three charged her with mail

fraud, in violation of 18 U.S.C. § 1341. Count Four charged Ms. Jackson with aggravated identity

theft, in violation of 18 U.S.C. § 1028A.

1

Ms. Jackson faces a two-year mandatory minimum on the aggravated identity theft count. She faces a potential eight to 14 months on Couns Two and Three. Defendant Jackson respectfully requests – for the reasons set forth below – that this Court sentence her to the two years plus a day – reducing the exposure of the consecutive charges from Counts One and Two.

## II.    FACTORS TO CONSIDER WHEN SENTENCING

This Court should sentence Ms. Jackson to two years and one day. Ms. Jackson faces a two-year mandatory minimum under 18 U.S.C. § 1028A to run consecutively with any other sentence, which as stated above, the other counts carry a guideline range of eight to 14 months on Counts One and Two. U.S.S.G. § 2B1.6; see 18 U.S.C. § 1028A.

### A.  Mental State

As this Court is aware, Ms. Jackson underwent a competency evaluation with Timothy S. Saar, Licensed Psychologist, of Saar Psychological Group, PLLC. While he found her competent and aware for the purposes of standing trial and understanding her actions, he made some notable observations that warrant repeating in this Sentencing Memorandum:

> A number of aspects of Ms. Jackson 's self-description suggest noteworthy peculiarities in thinking and experience. She is likely to be a socially isolated individual who has few interpersonal relationships that could be described as close and warm. She may have limited social skills, with particular difficulty interpreting the normal nuances of interpersonal behavior that provide the meaning to personal relationships. Her social isolation and detachment may serve to decrease a sense of discomfort that interpersonal contact fosters. ***Her thought processes are likely to be marked by confusion, distractibility, and difficulty concentrating, and she may experience her thoughts as being somehow blocked or disrupted.*** However, active psychotic symptoms such as hallucinations or delusions do not appear to be a prominent part of the clinical picture at this time.

> Ms. Jackson describes herself as tending to closely monitor her environment for evidence that others are trying to harm or discredit her in some way. She likely questions and mistrusts the motives of those around her, despite the nature or history of her relationships with them.

It appears that Ms. Jackson has a history of involvement in intense and volatile relationships. In these relationships, she tends to be preoccupied with fears of being abandoned or rejected by those people important to her."

See Report at Page 8-9. Ms. Jackson was found to be competent, but her upbringing, the abuse she was subjected to from her alcoholic father and those instances have created a lifetime of psychological issues that contributed to her poor decision making and her criminal actions.

Ms. Jackson is prescribed Prozac and Trazadone for her depression and anxiety. If offered by the Bureau of Prisons, she recognizes that she would benefit from mental health treatment and specifically requests the Court recommend her for mental health treatment.

### B. Similar Financial Cases

For the financial loss in the present case, two years and a day is a reasonable amount that adequately deters Defendant from offending again, but not overly harsh compared to other similar financial crime sentences before this Court and other federal courts.

In the *United States v. Amechi*, 3:21-cr-00069, in the Southern District of West Virginia, Defendant was found guilty to serve as a money mule for amounts reaching approximately $192,762.19 – amounts far greater than the current matter. This Court sentenced Amechi to *12 months* along with an order of restitution.

In the *United States v. Ganidekam*, 3:21-cr-00071, in the Southern District of West Virginia, the Defendant, who was part of a scheme that obtained $156,073.00 from romance schemes, this Court sentenced Defendant to three years of supervised release and an order of restitution.

In the *United States v. Weaver*, 21-cr-2722, a case in the Southern District of California, the Court sentenced Defendant Weaver to 46 months for aggravated identity theft in the amount of $255,392.00.

In the *United States v. Smith*, 22-cr-1506 Defendant caused a total loss in the amount of $1,171,673.97. Intended loss includes the actual loss plus the funds the conspirators tried to steal but were unsuccessful at obtaining, which totaled $2,158,297.80. Despite the lofty amount of money stolen and the conviction, the Court sentenced Defendant to 60 months.

Finally, in the *United States v. Alexander*, a federal case in Massachusetts, where the Defendant was convicted of aggravated identity theft – similarly to the present case – in the amount of $318,000.00 – well above the present matter, the court sentenced Defendant to three years.

### C.  Self-Improvement

Separate from the criminal actions and sentencing in this matter, Ms. Jackson has made the most of her time while incarcerated. She completed the Voices of Hope, Smart Recovery Program to assist her in developing the proper copes skills to deal with adversity upon her release. *See* Certificate and Program attached as Exhibit.

Ms. Jackson has remained incarcerated for nearly a year. While she will ultimately serve at least another year, she respectfully asks this Court to consider the other factors outlined in this Sentencing Memorandum when sentencing her in this matter.

**Dated: November 7, 2023.**

> **Laura Jackson,**
> **By counsel,**
>
>
> **s/ Abraham J. Saad_____**
> **Abraham J. Saad WVSB #10134**
> **GLAZER SAAD ANDERSON L.C.**
> **320 9th Street, Suite B**
> **P.O. Box 1638**
> **Huntington, WV 25717-1638**
> **Telephone: 304-522-4149**
> **Facsimile: 800-879-7248**
> **Email: abe@gsalaw-wv.com**

4

## CERTIFICATE OF SERVICE

I, Abraham J. Saad, counsel for Defendant, do hereby certify that I electronically filed the foregoing **Defendant's Sentencing Memorandum** with the Clerk using the ECF/CM System, which will send notification to the following:

Holly Wilson
Assistant United States Attorney's Office
300 Virginia Street, East
Charleston, WV 25301
Email: holly.wilson@usdoj.gov

**Dated: November 7, 2023.**

**Laura Jackson,**
**By counsel,**

**s/ Abraham J. Saad_____**
**Abraham J. Saad WVSB #10134**
**GLAZER SAAD ANDERSON L.C.**
**320 9th Street, Suite B**
**P.O. Box 1638**
**Huntington, WV 25717-1638**
**Telephone: 304-522-4149**
**Facsimile: 800-879-7248**
**Email: abe@gsalaw-wv.com**