AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
### Southern District of West Virginia

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> LAURA DANIELLE JACKSON | ) **JUDGMENT IN A CRIMINAL CASE** <br> ) <br> ) <br> ) Case Number:  3:22-00016 <br> ) <br> ) USM Number:  84448-509 <br> ) <br> ) Abraham Saad <br> ) Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   two, three, and four of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 9/22/2018 | 2 |
| 18 U.S.C. § 1341 | Mail Fraud | 9/27/2018 | 3 |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | 9/22/2018 | 4 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   1 and 5-14      ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/13/2023
Date of Imposition of Judgment

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

11/14/2023
Date

A TRUE COPY CERTIFIED ON
11/14/2023
[Date]
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia
By s/ Jennifer Adkins, Deputy

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___8___

DEFENDANT:   LAURA DANIELLE JACKSON
CASE NUMBER:   3:22-00016

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

a total of 14 months as to counts two and three and a consecutive 24 months as to count four.

☑   The court makes the following recommendations to the Bureau of Prisons:

   that the defendant be housed at FPC Alderson, WV.

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at   _____   ☐ a.m.   ☐ p.m.   on   _____   .

   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on   _____   .

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

FILED

JAN 11 2024

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

I have executed this judgment as follows:

Defendant delivered on   _12/12/2023_   to   _FPC Alderson_
at   _Lewisburg, W_   , with a certified copy of this judgment.

_Michael T. Boylans_
UNITED STATES MARSHAL

By   _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
              Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT:   LAURA DANIELLE JACKSON
CASE NUMBER:   3:22-00016

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years as to counts two & three and 1 year, to run concurrently, as to count four, for a total of 3 years.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment—Page | 4 | of | 8 |
|---|---|---|---|---|

DEFENDANT:  LAURA DANIELLE JACKSON
CASE NUMBER:  3:22-00016

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature   _____     Date _____

Case 3:22-cr-00016  Document 76  Filed 11/14/23  Page 5 of 8 PageID #: 246

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3B — Supervised Release

Judgment—Page ___5___ of ___8___

DEFENDANT:  LAURA DANIELLE JACKSON
CASE NUMBER:  3:22-00016

## ADDITIONAL SUPERVISED RELEASE TERMS

While on supervised release, the defendant must not commit another federal, state, or local crime; the defendant must not unlawfully possess a controlled substance. The defendant also must comply with the standard terms and conditions of supervised release as recommended by the U.S. Sentencing Commission and as adopted by this Court, except that she need not participate in a program of testing, counseling, and treatment for drug and alcohol abuse.

In addition, the defendant shall comply with the Standard Conditions of Supervision adopted by the Southern District of West Virginia in Local Rule of Criminal Procedure 32.3, as follows:

1) If the offender is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia.

2) Offenders shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer. Offenders shall not use any method or device to evade a drug screen.

3) As directed by the probation officer, the defendant will make copayments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.

4) A term of community service is imposed on every offender on supervised release or probation. Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation. The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.

5) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6) The defendant shall not purchase, possess, or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids, or other designer stimulants.

Case 3:22-cr-00016   Document 76   Filed 11/14/23   Page 6 of 8 PageID #: 249

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page ___6___ of ___8___

DEFENDANT: LAURA DANIELLE JACKSON
CASE NUMBER: 3:22-00016

## SPECIAL CONDITIONS OF SUPERVISION

The defendant will participate in a mental health treatment program and follow the rules and regulations of the program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

The defendant will cooperate with the IRS with regard to any civil audit of your personal and business taxes and shall file all tax returns and amended tax returns as required.

The defendant will make restitution.

The defendant will make third party risk notification to your future employers while on supervised release

In connection with payment of restitution, the Court imposes the following additional special conditions of supervised release:

- the defendant is prohibited from incurring new credit charges or opening additional lines of credit without the probation officer's approval unless she is in compliance with the restitution payment schedule;

 - the defendant will provide the probation officer access to any requested financial information. The probation office may share financial information with the United States Attorney's Office; and

 - the defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and any other anticipated or unanticipated financial gains to any Court imposed monetary obligation.

The defendant is not a legal resident of the Southern District of West Virginia. Therefore, the period of supervised release is to be administered by the district where the defendant is a legal resident and/or the district where a suitable release plan has been developed.

Case 3:22-cr-00016   Document 76   Filed 11/14/23   Page 7 of 8 PageID #: 240

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __7__ of __8__

DEFENDANT: LAURA DANIELLE JACKSON
CASE NUMBER: 3:22-00016

## CRIMINAL MONETARY PENALTIES

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 300.00 | $ 26,074.13 | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| City National Bank/Carol Winthrow | | $11,243.55 | |
| Lexington Coal Company | | $4,451.88 | |
| Chase Bank | | $2,261.70 | |
| The Pulse Church/John Fowler | | $7,050.00 | |
| Hopewell Community Services, Cheryl Herdman | | $1,067.00 | |
| TOTALS | $ 0.00 | $ 26,074.13 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page ___8___ of ___8___

DEFENDANT:  LAURA DANIELLE JACKSON
CASE NUMBER:  3:22-00016

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Restitution is due immediately.

The defendant will make restitution payments of $25 per quarter while incarcerated.

If restitution is not paid in full before the defendant's release from prison, the Court orders the defendant to pay the balance of the restitution in installments of $100 per month, with the first being due within 30 days after release from prison.

Payments may be forwarded to United States District Court Clerk, 300 Virginia Street East, Suite 2400, Charleston, WV 25301.

If the probation officer determines that a modification of the installment payments is necessary while the defendant is on probation, the probation officer can petition the Court to reevaluate the payments.

The special assessment is due immediately.
The special assessment will be paid through participation in the Inmate Financial Responsibility Program.